UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:19CR281(KAD) |
| v. | |
| GREGORY DEMAIO | August 17, 2020 |

GOVERNMENT'S AMENDED MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this memorandum for the sentencing of the defendant Gregory Demaio, which is scheduled for September 1, 2020.

I.   INTRODUCTION AND BACKGROUND

On November 18, 2019, the defendant pled guilty to two counts of possession of fentanyl, in violation of 21 U.S.C. § 844(a).

II.   FACTS AND CIRCUMSTANCES OF DEFENDANTS' CONDUCT

The defendant faces a total maximum penalty of one year imprisonment, a $10,000 fine, one of supervised release, five years of probation and a $25 special assessment on each count of conviction.   As set forth in the presentence report ("PSR"), the defendant's total offense level is 6 and his imprisonment range is 0 to 6 months.

III. Discussion

   III. Discussion

      A. Determining an Appropriate Sentence Post-Booker

After the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 243-245 (2005) rendered the Sentencing Guidelines advisory rather than mandatory, a sentencing judge is required to: "(1) calculate[] the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) consider[] the Guidelines range, along with the other § 3553(a)

factors; and (3) impose[] a reasonable sentence." *See United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005). The § 3553(a) factors include: (1) "the nature and circumstances of the offense and history and characteristics of the defendant"; (2) the need for the sentence to serve various goals of the criminal justice system, including (a) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," (b) to accomplish specific and general deterrence, (c) to protect the public from the defendant, and (d) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (3) the kinds of sentences available; (4) the sentencing range set forth in the guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

The Second Circuit reviews a sentence for reasonableness. See *Rita v. United States*, 127 S. Ct. 2456, 2459 (2007). The reasonableness standard is deferential and focuses "primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005).

B.   The Section 3553 Factors

Under 18 U.S.C. § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." As explained below, the defendant's criminal conduct in this matter is a serious offense which, weighed in view of the factors set forth in section 3553(a), supports a sentence

consistent with the applicable guidelines range.   See 18 U.S.C. section 3553(a)(4) (Court shall consider the sentence applicable under the Guidelines).

1. <u>The Nature and Circumstances of the Offense</u>

By engaging in the possession of fentanyl, the defendant committed a very serious crime. To compound the defendant's conduct, he provided two other individuals with fentanyl and it led to the untimely death of both men.   PSR at paragraphs 10-18.

2. <u>The Defendant's History and Characteristics</u>

As the PSR states, the defendant had a relatively good childhood and he is in relatively good physical health.   The defendant also reports several substance abuse issues with various narcotics and mental health issues. The PSR, however, do not distinguish the defendant from most other individuals within the criminal justice system.

3. <u>The Sentence Must Promote Respect for the Law</u>

The sentence in this case must reflect the seriousness of the offenses, promote public respect for the law, and demonstrate that as a society we treat very seriously crimes involving the possession of fentanyl.   As this Court is well aware, drugs infect all aspects of society in a variety of ways.   The quality of life in afflicted communities is substantially undermined because drug sellers need buyers, which in turn increases the likelihood of incidental crimes such as robberies, larcenies, loitering, trespassing, and public drinking.   For many residents the narcotics trade is the most obvious indicator of unsafe streets.   When dealers ply their trade on the street corner or from a car in a nearby parking lot, local residents and their communities do not feel safe, nor are they in fact safe.   Drug dealers need drug customers and thus possession of narcotics is not a victimless crime.   In this instance, a Guideline sentence will promote respect for the law and

provide just punishment for a crime that continues to undermine neighborhoods and jeopardize the well-being of the law-abiding citizens who live in these communities.

### 4. The Court Should Consider General Deterrence

In addition, general deterrence counsels in favor of a Guideline sentence. Such a sentence will serve as a general deterrence to others who may choose to place their own needs ahead of the community and that of public safety by engaging in drug possession. As such, the sentence in this case should deter like-minded individuals and send a strong message that such criminal activity and flagrant disregard of the law will not be tolerated by this Court. *See* 18 U.S.C. § 3553(a)(2)(B).

## V.   CONCLUSION

The Government respectfully requests that the Court impose a sentence within the guidelines range in this matter.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT20962
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821-3810
Douglas.morabito@usdoj.gov

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 17, 2020 a copy of the foregoing Government's Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Douglas P. Morabito*

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
Federal Bar Number: CT20962
157 Church Street
New Haven, CT 06510
(203) 821-3700